IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.: **3:07cr124/MCR/EMT**
  3:16cv338/MCR/EMT
  **3:08cr14/MCR/EMT**
JAMES EDWARD BANZACA  3:16cv339/MCR/EMT
  **3:08cr54/MCR/EMT**
  3:16cv340/MCR/EMT

## REPORT AND RECOMMENDATION

Defendant James Edward Banzaca has filed identical amended motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in his three criminal cases (ECF No. 47).[1] These cases were stayed pending a decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) (*see* ECF No. 53). After the *Beckles* decision was issued, the Government filed a response in opposition (ECF No. 54). Defendant has not filed a reply. After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant's amended motion should be denied and dismissed.

---

[1] All document references are to Case Number 3:07cr124, unless otherwise noted, and all references to "motion" are intended to encompass the identical motions filed in each case.

## BACKGROUND and ANALYSIS

In 2007, Defendant pleaded guilty to three separate bank robberies in violation of 18 U.S.C. § 2113(a) and one separate offense involving the interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312 (ECF Nos. 18, 19, 20). The court determined that Defendant was eligible for a sentencing enhancement as a career offender under United States Sentencing Guideline § 4B1.1(a), after adopting the findings of the Presentence Investigation Report ("PSR"), which included at least two prior felony convictions of a crime of violence (*see* ECF No. 45, PSR ¶¶ 78, 85, 87 & 88). The PSR calculated a guideline range of 151 to 188 months based on a total offense level of 29 and a criminal history category of VI (ECF No. 45, PSR ¶ 129). On September 26, 2008, the court sentenced Defendant to three terms of 160-months imprisonment for the bank robberies and a term of 120-months imprisonment on the stolen motor vehicle count, all to run concurrently, followed by concurrent three-year terms of supervised release (ECF Nos. 37, 38).[2] Defendant did not appeal.

---

[2] On January 7, 2009, the Court entered an amended judgment as to restitution only (ECF Nos. 39, 40).

Case Nos.: 3:07cr124/MCR/EMT; 3:16cv338/MCR/EMT

On April 28, 2016, Defendant filed a letter/motion seeking appointment of counsel to explore his eligibility for sentencing relief under *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), in which the Supreme Court ruled that the Armed Career Criminal Act's ("ACCA") "residual clause" was unconstitutionally vague (ECF No. 41).[3]  The court denied Defendant's motion noting that *Johnson* did not apply to his case because he was not convicted of an offense under the ACCA, but rather he was classified at sentencing as a career offender (ECF No. 42).[4]  On June 20, 2016, Defendant filed an initial motion under § 2255 which he amended on September 26, 2016, raising four grounds for relief (ECF Nos. 43, 47).

---

[3] The Supreme Court held that *Johnson v. United States*, 135 S. Ct. 2551 (2015), announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016).

[4] Under the ACCA, a person who has three previous convictions for a violent felony, a serious drug offense, or both, is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4. After *Johnson*, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.

Career Offender Sentencing Enhancement

In ground one Defendant argues that the imposition of the career offender enhancement to his sentence violates due process because his convictions no longer qualify as crimes of violence after *Johnson* (ECF No. 47 at 14–20). He contends that the reasoning in *Johnson* which invalidated the ACCA's residual clause on vagueness grounds should extend to and invalidate the residual clause of the advisory Guidelines' definition of a "crime of violence." *See* U.S.S.G. § 4B1.2(a). The Government responds correctly that Defendant's argument is foreclosed by the Supreme Court's recent decision in *Beckles*, *supra*, in which the Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause because "they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Beckles*, 137 S. Ct. at 892; (ECF No. 54 at 4). The ACCA's residual clause, on the other hand, fixed—in an impermissibly vague way—a higher range of sentences for certain defendants which implicated "the twin concerns underlying vagueness doctrine," namely, "providing notice and preventing arbitrary enforcement." *Id*. at 894.

The Government also notes that at the time of Defendant's offenses and sentencing, robbery was expressly designated as a "crime of violence" in the official

Case Nos.: 3:07cr124/MCR/EMT; 3:16cv338/MCR/EMT

commentary to advisory Guideline § 4B1.2(a), so Defendant cannot claim that this provision is vague as applied to him (ECF No. 54 at 4–5). *See* United States Sentencing Commission, Guidelines Manual § 4B1.2(a), cmt n.1 (2006) (including robbery as a "crime of violence"); *see also In re Burgest*, 829 F.3d 1285, 1287 (11th Cir. 2016) (stating that the definition of "crime of violence" provided by the Guidelines' commentary is authoritative based on *Stinson v. United States*, 508 U.S. 36, 38 (1993)); *Beckles*, 137 S. Ct. at 898 ("*Johnson* affords Beckles no relief, because the commentary under which he was sentenced was not constitutionally vague.") (Sotomayor, J., concurring). Because robbery was listed as a "crime of violence" in the commentary to Guideline § 4B1.2(a), Defendant cannot prevail on any argument that his sentencing enhancement was unconstitutionally vague as applied to him. Therefore, Defendant's vagueness challenge to his career offender sentencing enhancement is without merit.[5]

Remaining Claims

In addition to his career offender sentencing claim, Defendant also raises: (1) a related ineffective assistance of counsel claim in his first ground; (2) an ineffective

---

[5] This claim is also untimely as explained *infra*.

Case Nos.: 3:07cr124/MCR/EMT; 3:16cv338/MCR/EMT

assistance claim contending that his trial counsel should have argued that his three-level enhancement under § 2B3.1(b)(2)(A) for an explosive device did not match his actions (ground two); (3) a claim that none of his prior convictions qualifies as a crime of violence because he never threatened, injured, or assaulted anyone in connection with the prior offenses (ground three); and (4) a claim that his prior and instant robbery convictions should not count as career offender predicates because robbery is not an enumerated offense under § 4B1.2(a)(2) and his convictions do not satisfy the use of force clause (ground four) (ECF No. 47 at 4–5, 7–8). The Government argues that these claims are: (1) time-barred because they are brought outside the applicable statute of limitations period; (2) procedurally defaulted because they were not raised on direct appeal; and/or (3) not cognizable under section 2255 to the extent that any of the claims challenge the calculation of the applicable guidelines range for non-constitutional reasons (ECF No. 54 at 3–7).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Because Defendant did not appeal, his judgment of conviction became final on the date on which his time for doing so expired, that is, fourteen days from the entry of judgment in this case. *See* Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000); *Ramirez v. United States*, 146 F. App'x 325 (11th Cir. 2005). Here, Defendant's judgment of conviction became final on October 10, 2008. In order to have been timely filed, his § 2255 motion had to be filed no later than one year from that date, or by October 10, 2009. Therefore, Defendant's original § 2255 motion dated June 20, 2016, and received by the clerk on June 27, 2016, is facially untimely.

Unless Defendant can establish his entitlement to equitable tolling, his motion is time-barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary

circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew*, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402–03 (5th Cir. 1999)). Defendant has provided no reason for his failure to file his motion for post-conviction relief in a timely manner.

Because Defendant filed the instant motion well after the expiration of the applicable statute of limitations, the claims unrelated to *Johnson* and *Beckles* are

time-barred. Therefore, the court should summarily deny and dismiss the remainder of Defendant's amended motion as untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 3:07cr124/MCR/EMT; 3:16cv338/MCR/EMT

Accordingly, it is respectfully **RECOMMENDED** that:

1. Defendant Banzaca's amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 47) be **DENIED** to the extent he seeks relief based on the Supreme Court's decision in *Johnson,* and that the remainder of the claims raised in his motion be summarily **DENIED and DISMMISSED** as untimely.

2. The clerk be directed to docket a copy of this recommendation in each of the above-styled cases.

3. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 7<u>th</u> day of August 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:07cr124/MCR/EMT; 3:16cv338/MCR/EMT